UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60243-CR-ZLOCH

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MICHAEL PRICE,

       Defendant.
_____/

**ORDER**

This matter came before the Court upon Defendant Michael Price's Motion for Return of Property [D.E. 118], upon referral to me by the Honorable William J. Zloch [D.E. 139]. The Court has reviewed Defendant's Motion and the Government's Response and now denies Defendant's Motions for the reasons set forth below.

***I. Background***

Defendant seeks the return of a silver cross and chain that he was wearing at the time of his arrest. D.E. 118, ¶ 1. Noting that trial has ended, Defendant offers to stipulate that he was wearing the chain at the time of his arrest and that a photograph of the chain is admissible in any possible future proceedings. *Id.* at ¶ 5.

The Government opposes Defendant's Motion, arguing that the silver cross and chain

represent evidence of the bank robberies for which Defendant was convicted in that surveillance video of the first robbery shows a man who was wearing a thick, silver chain around his neck. D.E. 158 at 1. According to the Government, because the robber was wearing a baseball cap, sunglasses, and a bandana covering his mouth, the thick, silver chain was used in part to identify the robber. *Id.* At the time of his arrest, Defendant happened to be wearing a chain that appeared to match the one in the surveillance photographs. *Id.* at 2. As a result, the chain was used to help identify Defendant as the robber. *Id.*

Although Defendant's trial has concluded, he has filed a Notice of Appeal in the case. *See* D.E. 128. On the contingency that any aspect of the case may be sent back for a retrial, the Government urges the Court to deny Defendant's Motion at this time. D.E. 158 at 2-3. As the Government explains, should a retrial be necessary, the Government anticipates seeking the admission of the chain into evidence to establish identity, as it did in the first trial. *Id.* Moreover, the Government argues, a photograph of the chain is not the same thing as the chain itself, and the Government "has the right to try its case as it sees fit and to admit the actual evidence and not a photograph of it." *Id.* at 3.

## *II. Discussion*

The Court begins the analysis with a review of the pertinent aspects of Rule 41(g), Fed. R. Crim. P., which governs return of seized property. That rule provides, in relevant part, "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g).

The Advisory Committee Notes accompanying the 1989 amendments to what is now Rule

41(g), Fed. R. Civ. P., shed some light on the appropriate standard for determining Defendant's Motion where, as here, the property involved does not constitute contraband is not otherwise alleged to be forfeitable. In those Notes, the Advisory Committee explained,

> If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable. But, if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable.

Fed. R. Civ. P. 41(g), Advisory Committee Notes to 1989 Amendments of Rule 41(e). Under this standard, a criminal defendant is "presumed to have the right to the return of his property once it is no longer needed as evidence." *United States v. Dean*, 100 F.3d 19, 20 (5th Cir. 1996); *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993). In determining whether the Government's need for the evidence continues to exist, courts look to the Government, which bears the burden of proof in demonstrating a legitimate reason why it continues to require possession of the seized property. *See United States v. Ogbonna*, 34 Fed. App'x 150 (5th Cir. 2002) (citing Fed. R. Civ. P. 41(g), Advisory Committee Notes); *see also Mills*, *supra*.

Here, as noted above, the Government contends that the chain constitutes critical identification evidence. It further opines that Defendant's offer to stipulate that he was wearing the chain at the time of the arrest is not sufficient because the relevance of the chain depends on whether the chain is the same as that worn by the robber in the surveillance photograph. Moreover, the Government suggests that it can try the case most effectively in its view by seeking admission of the actual chain and not a picture of it.

The Court finds that this explanation constitutes a legitimate reason for why the United States

continues to require possession of the seized property during the pendency of Defendant's appeal. Consequently, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Return of Property is **DENIED**.

    **DONE AND ORDERED** this 7th day of July 2011.

                                              ROBIN S. ROSENBAUM
                                              UNITED STATES MAGISTRATE JUDGE

cc:    Hon. William J. Zloch
       Counsel of Record
       Michael Price, *pro se*